USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 4/1/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

ARIEL BURGOS,

                  Defendant.

---

No. 18-CR-570 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

On March 10, 2021, Defendant Ariel Burgos moved this Court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Burgos is currently on home confinement in light of numerous postponements of his surrender date on account of COVID-19. In his motion, he argues that his medical conditions, as well as those of his wife and son, constitute extraordinary and compelling reasons warranting a sentence reduction. The Court concludes that the sentencing factors, and the fact that Burgos is not currently in custody, counsel against compassionate release in this case. Burgos's motion is accordingly denied. Nonetheless, the Court grants Burgos's alternative request for a final extension of his self-surrender date, for an additional ninety (90) days in order to allow him to secure a vaccination.

## BACKGROUND

On July 18, 2019, Burgos pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Burgos was arrested in June 2018 in response to a 911 call that reported a man brandishing a firearm on Lafayette Avenue in the Bronx, New York. At his plea hearing, Burgos admitted to knowingly possessing a revolver in the Bronx, New York, despite having previously been convicted of a felony. Burgos's criminal history includes a 2010 conviction for criminal possession of a firearm and a 2011 conviction for assault with intent to

cause injury with a firearm.  On February 21, 2020, the Court sentenced Burgos to 36 months' imprisonment, to be followed by a three-year term of supervised release.  The Court also recommended that Burgos participate in the residential drug abuse program while in prison.

On April 3, 2020, in light of COVID-19, the Court granted Burgos's request to adjourn his initial self-surrender date from April 21, 2020 until July 21, 2020.  Dkt. 48.  The Court granted a second such motion on July 8, 2020, extending the surrender date by an additional three months.  Dkt. 53.  Another three-month adjournment was granted on October 13, 2020.  Dkt. 56.  The Court granted a fourth adjournment motion on January 20, 2021, extending Burgos's voluntary surrender date to April 5, 2021.  Dkt. 58.

Burgos filed the instant motion on March 10, 2021.  Dkt. 59 ("Mot.").  In that motion, he claims to have asthma and other respiratory issues that place him "among those at highest risk of dying or developing severe medical complications from COVID-19."  Mot. at 2.  Burgos also raises medical issues regarding his wife and son.   In light of the pandemic and its effect on the prison population in particular, Burgos maintains that these issues make compassionate release appropriate.

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a court may reduce the term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  The Court may order a sentence reduction upon finding that (1) "extraordinary and compelling reasons warrant such a reduction," (2) the reduction is

"consistent with applicable policy statements issued by the Sentencing Commission," and (3) the reduction is supported by the factors set forth in 18 U.S.C. § 3553(a).  *See id*.

Pursuant to the statute, whether a defendant presents extraordinary and compelling reasons is merely a "threshold question" that does not end the Court's analysis.  *United States v. Daugerdas*, No. 09-CR-581, 2020 WL 2097653, at *3-4 (S.D.N.Y. May 1, 2020).  The Court must then determine whether the sentencing factors support a sentence reduction.  "Application of the § 3553(a) factors requires an assessment of whether the relevant factors outweigh the extraordinary and compelling reasons warranting compassionate release and whether compassionate release would undermine the goals of the original sentence." *Id.* at *4 (alterations and internal quotation marks omitted).  Among the pertinent factors to balance are the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense," "to provide just punishment for the offense," "to protect the public from further crimes of the defendant," "to provide the defendant with needed educational or vocational training, [or] medical care" and "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a).  Accordingly, judges in the Southern District of New York have denied motions for compassionate release where the sentencing factors outweigh the proffered extraordinary and compelling reason for a reduction.  *See, e.g., United States v. Lisi,* 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020)*; United States v. Gadsden*, No. 06 CR. 122 (LAP), 2021 WL 639366, at *4 (S.D.N.Y. Feb. 18, 2021)*; Daugerdas*, 2020 WL 2097653, at *2.

## DISCUSSION

As an initial matter, Burgos has not exhausted his administrative remedies with the Bureau of Prisons ("BOP"), as required by the plain text of 18 U.S.C. § 3582(c)(1)(A).  Burgos maintains that moving the BOP for compassionate release would be a "futile" exercise as he is not currently in custody.  Mot. at 5.  In support of that argument, he claims that "district courts have granted a number of sentence reductions . . . to defendants who had yet to begin serving their imposed terms of imprisonment in a BOP facility," and points to a number of instances in which the Government has represented to the court that a defendant is unable to exhaust administrative remedies due to his custody at a private prison.  Yet Burgos points to no case in which a Court has excused a failure to meet the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A) on the basis that the Defendant was not in BOP custody.  In *United States v. Hernandez*, on which Burgos relies, Judge Engelmayer found that the defendant, who was incarcerated in a private prison, had exhausted his administrative remedies because the BOP had denied a request on the basis that it was "structurally incapable of assessing his circumstances" in the private facility. 451 F. Supp. 3d 301, 302-03 (S.D.N.Y. 2020).  Similarly, Judge Rakoff granted a sentence reduction to a defendant who was not presently in custody, but noted that the defendant met the exhaustion requirement by filing a request with the relevant BOP facility.  *United States v. Joel Austin*, No. 06-cr-991 (JSR), Dkt. 72 (S.D.N.Y. June 23, 2020).  Burgos has apparently made no such request to the BOP in the thirteen months since he was sentenced and thus has not met the exhaustion requirement.

Independent of that issue, or an assessment of whether Burgos's medical conditions qualify as "extraordinary and compelling," the Court finds that the § 3553(a) factors weigh against reducing Burgos's sentence.  Burgos was convicted of a serious crime that involved the possession of a firearm.  The length of the sentence imposed reflects not only the seriousness of that crime,

but also Burgos's criminal history, which includes multiple convictions involving firearms and crimes of violence.  This pattern of criminal, and sometimes violent, conduct raises a concern that Burgos may still pose a danger to the safety of the community.  After considering the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that a sentence reduction is neither warranted nor justified in this case.

That Burgos, who is 34,  is now eligible to receive a vaccine for COVID-19 further supports the Court's conclusion.  *See* https://covid19vaccine.health.ny.gov/ (providing that all New Yorkers age 30 or older are eligible for a vaccine).  Accordingly, the Court grants one final extension of Burgos's date for self-surrender in order to allow him to secure a vaccination, should he so choose.  Mr. Burgos's voluntary surrender date is hereby extended to July 5, 2021.  No additional extensions will be granted.

## CONCLUSION

For the foregoing reasons, Burgos's motion for compassionate release is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 59.

SO ORDERED.

Dated:     April 1, 2021
           New York, New York

_____
Ronnie Abrams
United States District Judge